**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Double J Investment, LLC, an Arizona limited liability company; et al,<br><br>Plaintiffs,<br><br>v.<br><br>Automation, Control and Information Systems Corporation, etc; et al,<br><br>Defendants. | No. CV-13-773-PHX-SRB<br><br>**ORDER** |

On March 4, 2014, the assigned District Judge referred this case to the undersigned Magistrate Judge for the purpose of conducting a settlement conference. (Doc. 37) In response to the referral, a settlement conference order was entered on March 31, 2014, setting the settlement conference for May 15, 2014.

As authorized in the settlement conference order, Defendant Automation, Control and Information Systems Corporation ("ACIS") filed a Motion to Vacate the Settlement Conference, dated May 1, 2014, indicating, among other things, that, "[A]CIS believes that conducting the settlement conference would be a futile act at this time, resulting in a waste of time and money, and inconsistent with Rule 1, Fed.R.Civ.P." (Doc. 49 at 2) Counsel for ACIS believes that the settlement conference could be more productive and lead to a resolution of this matter if conducted after discovery is completed. (*Id.*) Discovery ends in this case on June 20, 2014. (Doc. 39 at 5)

Plaintiffs oppose Defendants' Motion, claiming it "is a delay tactic . . . , [s]ubstantial discovery has been conducted in this case" and there is no "reasonable

justification to delay the settlement conference." (Doc. 50 at 1) Plaintiffs claim "Defendants have served Plaintiffs with a total of 153 requests for production, 60 interrogatories, and 60 requests for admission, with 20 of the requests outstanding as the time to respond has not yet passed. Plaintiffs have produced 1,337 pages of documents and Defendants have produced 1,336 pages of documents." (*Id*. at 4)

After review of the parties' briefing, it is clear that Defendants believe that conducting a settlement conference at this time would be a waste of time and limited resources and going forward with the settlement conference at this time would be inconsistent with Rule 1, Fed.R.Civ.P. (the civil procedural "rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Assuming *arguendo* that Defendants' expressed reason for vacating the settlement conference is disingenuous and their primary motivation is the disparity between the parties on reaching a voluntary settlement, conducting a settlement conference at this time and under the current environment is no less inappropriate.

Although the law favors the voluntary settlement of civil suits, *ABKCO Music, Inc. v. Harrisongs Music, Ltd*., 722 F.2d 988, 997 (2d Cir. 1983), it does not sanction efforts by trial or settlement judges to effect settlements through coercion. *Del Rio v. Northern Blower Co*., 574 F.2d 23, 26 (1st Cir. 1978) (citing *Wolff v. Laverne*, Inc., 17 A.D.2d 213, 233 N.Y.S.2d 555 (1962)).

> [Courts] view with disfavor all pressure tactics whether directly or obliquely, to coerce settlement by litigants and their counsel.  Failure to concur in what the Justice presiding may consider an adequate settlement should not result in an imposition upon a litigant or his counsel, who reject it, of any retributive sanctions not specifically authorized by law.

*Best Western Intern., Inc. v. Melbourne Hotel Investors, LLC*, 2008 WL 2945513, at *1 (D. Ariz. July 28, 2008) (citation omitted). In short, any pressure tactics to coerce settlement are simply not permissible. *See Schunk v. Schunk*, 84 A.D.2d 904, 905, 446 N.Y.S.2d 672 (1981); *Chomski v. Alston Cab Co*., 32 A.D.2d 627, 299 N.Y.S.2d 896 (1969). "[A settlement] judge must not compel agreement by arbitrary use of his power

and the attorney must not meekly submit to a judge's suggestion, though it be strongly urged." *Brooks v. Great Atlantic & Pacific Tea Co.*, 92 F.2d 794, 796 (9th Cir. 1937); *see also Nordyke v. King*, 676 F.3d 828 (9th Cir. 2012) (Chief Judge Kozinski, dissenting) (courts "[o]verstep our authority by forcing the parties to spend time and money engaging in a mediation charade. Our job is to decide the case, and do so promptly. This delay serves no useful purpose; it only makes us look foolish. I want no part of it.").

"[T]he district court has broad authority to compel participation in mandatory settlement conference." *United States v. U.S. Dist. Court*, 694 F.3d 1051, 1057-58 (9th Cir. 2012) (citations omitted). Federal Rule of Civil Procedure 16(c)(1), which expressly authorizes civil settlement conferences, "was not designed as a means for clubbing the parties - or one of them - into an involuntary compromise." *Kothe v. Smith*, 771 F.2d 667, 669 (2nd Cir. 1985). The purpose of Rule 16, Fed.R.Civ.P., is not "to impose settlement negotiations on unwilling litigants." Fed.R.Civ.P. 16 Advisory Committee's Notes; *In re Novak*, 932 F.2d 1397, 1405 n. 15 (11th Cir. 1991). It is unreasonable to force Defendants, or any party for that matter, to incur unnecessary attorneys' fees and travel expenses to participate in a settlement conference knowing in advance that the adverse party would only settle the case on terms unacceptable to Defendants. Simply stated, and under the present circumstances, the parties herein should use their limited resources in preparing and proceeding to trial on September 9, 2014, not wasting more time and money on a settlement conference doomed to fail *ab initio*.

Good cause appearing,

/ / /

/ / /

/ / /

1    **IT IS ORDERED** that Defendant Automation, Control and Information Systems
2 Corporation's Motion to Vacate the Settlement Conference, doc. 49, is **GRANTED**. The
3 May 15, 2014 settlement conference is hereby **VACATED**.

4    Dated this 7th day of May, 2014.

_____
Lawrence O. Anderson
United States Magistrate Judge